UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THE ASSOCIATION FOR DISABLED
AMERICANS, INC., and DANIEL RUIZ,

    Plaintiffs,

v.                                                        Case No.  5:12-cv-158-Oc-34TBS

OCALA INN MANAGEMENT, INC., d/b/a
GOLDEN PALMS INNS and SUITES,

    Defendant.
_____/

## ORDER

Pending before the Court is Plaintiffs' Motion for Default by the Court. (Doc. 6). In the motion Plaintiff asks the Court to enter a Rule 55(b)(2) default judgment against the defendant, Ocala Inn Management. Id. at 1.  A review of the record reveals that there has been no entry of clerk's default in this case.  As such, the motion for default judgment is premature.  See Bureau of Dangerous Goods, Ltd. v. Hazmat Software, LLC, 2011 U.S. Dist. LEXIS 106562, at *2-4 (M.D. Fla. Aug. 30, 2011), adopted by, 2011 U.S. Dist. LEXIS 106412 ("[T]he clerk's entry of default must precede an application for default judgment . . . Once a default has been entered, the plaintiff may move for default judgment pursuant to Rule 55(b) . . . The law is clear that these two separate steps cannot be combined into one . . . Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment.") (internal citations and quotations omitted).

Upon consideration of the foregoing, it is hereby ORDERED that the motion is denied without prejudice. Plaintiffs may reassert the motion, to the extent appropriate, once the clerk enters a default against the Defendant.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on June 1, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

Plaintiffs' Counsel

Corporate Defendant